## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EMMA CLAIRE GOSS, | |
|     Plaintiff, | |
| -vs- | Case No. |
| TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and I.C. SYSTEM, INC., | |
|     Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, EMMA CLAIRE GOSS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, TRANS UNION LLC (hereinafter "Trans Union"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and I.C. SYSTEM, INC. (hereinafter "IC System") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Trans Union and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Trans Union's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Llano County in the State of Texas. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Trans Union is a corporation headquartered at 555 W. Adams Street in Chicago, Illinois 60661.

11.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Illinois through its registered agent, C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago, Illinois 60604.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     IC System is a corporation headquartered at 444 Highway 96 East in St. Paul, Minnesota 55127 that upon information and belief conducts business in the State of Illinois.

17.     IC System is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     IC System furnished information about Plaintiff to Trans Union and Experian that was inaccurate.

## **FACTUAL ALLEGATIONS**

19.     Plaintiff is alleged to owe a debt to IC System, partial account number 175818*, as to a collection on behalf of original creditor Comcast Xfinity (hereinafter "IC System Account"). Plaintiff never applied or gave permission to anyone to apply using her information for the original Comcast Xfinity account.

20.     Upon information and belief, Plaintiff is a victim of identity theft.

4

21.     In or about January or February 2025, Plaintiff observed erroneous accounts, including but not limited to the IC System Account, appearing in her credit file.

22.     Shortly thereafter, Plaintiff contacted Comcast Xfinity for additional information regarding the erroneous account and was advised that the account was opened with an address located at 4126 S. Towle Avenue, Hammond, Indiana 46327 under the name "Lieberwirth".

23.     Plaintiff does not and has never resided at 4126 S. Towle Avenue, Hammond, Indiana 46327.

24.     Further, the name "Lieberwirth" is a misspelling of her maiden name. In addition, Plaintiff was married and changed her name to "Goss" in or about the end of 2023.

25.     On or about April 9, 2025, Plaintiff filed a police report with the Llano County Sheriff's Office, report number 25007276, regarding the fraud and identity theft.

26.     In or about April 2025, Plaintiff submitted a dispute online to Trans Union through her Credit Karma account regarding the erroneous IC System Account which did not belong to her.

27.     In or about April 2025, Plaintiff contacted Experian via telephone to dispute the IC System Account which did not belong to her.

28.     On or about May 28, 2025, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed the IC System Account continued to be reported with a status of collection and balance of $225 with a comment which stated, "Account information disputed by consumer (FCRA)".

29.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

30.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.     Upon information and belief, Trans Union notified IC System of Plaintiff's dispute. However, IC System failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

32.     On or about May 28, 2025, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed that the IC System Account was reported with a status of collection and balance of $225 with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)".

33.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

34.     Experian never attempted to contact Plaintiff during the alleged investigation.

6

35.     Upon information and belief, Experian notified IC System of Plaintiff's dispute. However, IC System failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

36.     Upon review of her updated reports, on or about May 28, 2025, Plaintiff observed additional errors in her Experian and Trans Union credit reports. Plaintiff observed erroneous personal identifying information including, but not limited to, names and addresses which were inaccurate and did not belong to her. Further, Plaintiff observed Torres Credit Services, partial account number 939186*, on behalf of original creditor Commonwealth Edison Co, (hereinafter "Torres Account") with a status of collection and balance of $1,161, which did not belong to her.

37.     On or about June 3, 2025, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 185856348. In this report, she explained that she was a victim of identity theft and that the IC System Account and Torres Account listed in her credit report did not belong to her.

38.     Due to the inaccurate reporting, on or about June 4, 2025, Plaintiff mailed a detailed dispute letter to Trans Union and Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that personal identifying information which did not belong her was appearing in her credit file. Further, Plaintiff advised that the IC System Account and Torres Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's

license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report, images of the police report filed with the Llano County Sheriff's Office, images of her lease agreement in 2023, and other supporting documents.

39.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Trans Union (9407 1111 0549 5824 5477 08) and Experian (9407 1111 0549 5824 5477 60).

40.    On or about June 11, 2025, Plaintiff received a response from Experian which confirmed receipt of her detailed dispute letter but stated it did not appear to have been sent by Plaintiff despite having included images of her current driver's license and Social Security card in the letter.

41.     On or about June 19, 2025, Plaintiff received an alert through her Credit Karma account which stated the IC System Account and Torres Account had been removed from her Trans Union credit report.

42.    Shortly thereafter, Plaintiff received dispute results from Trans Union which stated the IC System Account and Torres Account were deleted.

43.    Further on or about July 11, 2025, Plaintiff obtained an updated copy of her Trans Union credit report and observed that the IC System Account and Torres Account were no longer reported.

44.    Despite confirmation of delivery on June 9, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian.

8

45. However, on or about July 11, 2025, Plaintiff obtained an updated copy of her Experian credit report and observed that the IC System Account and Torres Account were no longer reported.

46. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

     ii. Loss of time attempting to cure the errors;

     iii. Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

     iv. Apprehensiveness to apply for new credit due to the fear of rejection; and

     v. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

50.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental

and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

56.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

57.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.     Trans Union allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

59.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.     The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

65.　Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

66.　After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

67.　Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68.　Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

69.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

72.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

14

73. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

74. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

75. Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

76. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

80.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.     Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

82. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment

17

and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

89.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.     Experian allowed for furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

91.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

93.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

94.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental

18

and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

97.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

98.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures

with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

99. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

100. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

101. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

104.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

105.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

106.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent

21

investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

107. Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

108. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

111.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

112.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

113.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

114.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

115.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

117.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

118.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

119.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

120.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

24

121.     Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

122.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

123.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

124.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, I.C. System, Inc. (Negligent)

125.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

126.    IC System furnished inaccurate account information to Trans Union and Experian and through those CRAs to all of Plaintiff's potential lenders.

127.    After receiving Plaintiff's disputes, IC System violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

128.    Plaintiff provided all the relevant information and documents necessary for IC System to have identified that the account was erroneous.

129.    IC System did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IC System by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would

attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

130.  IC System violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

131.  As a direct result of this conduct, action, and/or inaction of IC System, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

132.  The conduct, action, and inaction of IC System was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

133.  Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual damages against Defendant, I.C. SYSTEM, INC.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, I.C. System, Inc. (Willful)

134.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

135.    IC System furnished inaccurate account information to Trans Union and Experian and through those CRAs to all of Plaintiff's potential lenders.

136.    After receiving Plaintiff's disputes, IC System violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Trans Union and Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

137.    Plaintiff provided all the relevant information and documents necessary for IC System to have identified that the account was erroneous.

138.    IC System did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to IC System by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would

attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

139. IC System violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

140. As a direct result of this conduct, action, and/or inaction of IC System, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

141. The conduct, action, and inaction of IC System was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

142. Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, I.C. SYSTEM, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, EMMA CLAIRE GOSS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and I.C. SYSTEM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 15th day of July 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
Virginia Bar #: 101194
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*